1
2
3
4
5
6                    **IN THE UNITED STATES DISTRICT COURT**

7                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8
9
SHANGARA RAHAL, et al.,                    CASE NO. CV F 11-2083 LJO BAM
10
              Plaintiff,                   **ORDER ON GOVERNMENT'S F.R.Civ.P. 12**
11                                          **MOTION TO DISMISS**
       vs.                                  (Doc. 16.)
12
UNITED STATES OF AMERICA,
13
              Defendant.
14
_____/
15

16                          <u>**INTRODUCTION**</u>

17        Defendant United States of America ("Government") seeks to dismiss plaintiffs Shangara Rahal

18 and Joginder Rahal's (collectively the "Rahals'") tax refund action in that the Rahals' untimely attempt

19 to seek a refund fails to invoke waiver of sovereign immunity and in turn this Court's subject matter

20 jurisdiction. The Government further contends that the Rahals fail to satisfy requirements for a refund.

21 The Rahals contend that they timely filed this tax refund action.   This Court considered the

22 Government's F.R.Civ.P. 12(b)(1) and (6) motion to dismiss on the record and VACATES the May 4,

23 2012 hearing, pursuant to Local Rule 230(g).  For the reasons discussed below, this Court DISMISSES

24 this action.

25                          <u>**BACKGROUND**</u>

26                    <u>**Audit Of Delta Medical Systems, Inc.**</u>

27        The Internal Revenue Service ("IRS") audited Delta Medical Systems, Inc. ("Delta") for the 2005

28 tax year.  Delta, an S corporation, was created by the Rahals' son Paramvir.  The Rahals were not Delta

                                           1

1  shareholders but claim that Delta employed them a consultants in 2005.

2      For 2005, Delta reported gross receipts of $1,162,002 and claimed deductions of $1,492,536 for

3  a $330,534 net loss.  The IRS determined that the gross receipts reported by Delta were payments to

4  Delta from Paramvir S. Rahal, M.D., Inc. ("operating company"), Paramvir's operating company.  Delta

5  had claimed deductions for payments to employees or "consultants," including the Rahals.  The IRS

6  determined that the operating company improperly had attempted to assign income to Delta given

7  Delta's claim of receipt of income for services rendered.   All deductions claimed by Delta were

8  disallowed as Delta was not engaged in business activity.  The Rahals note that the IRS concluded that

9  the Rahals "were not actually paid consulting fees."   The IRS determined that the disallowance of

10 deductions did not increase Delta's gross income but rather increased its taxable or adjusted gross

11 income.

12                    **The Rahals' 2005 Tax Return**

13     IRS records show that on October 12, 2006, the Rahals electronically filed their 2005 individual

14 tax return which indicated Schedule C (sole proprietorship) income of $420,000 and reported tax due

15 of $144,556.[1]  The IRS received the Rahals' $144,556 payment on October 16, 2006.  The Internal

16 Revenue Service ("IRS") assessed $44,669.64 penalties and interest for the Rahals' untimely tax return

17 filing and payment.

18     On October 15, 2009, the Rahals mailed an amended 2005 return to claim a $189,225.64 refund,

19 which equals the $144,446 tax paid plus $44,669.64 penalties and interest.  The IRS received the

20 amended return on October 21, 2009.

21     On December 18, 2009, the IRS disallowed the Rahals' refund claim as untimely in that it was

22 not within three years of the original return or two years of the date of payment to satisfy 26 U.S.C. §

23 6511 ("section 6511").

24                        **The Rahals' Claims**

25     On December 15, 2011, the Rahals filed this action and proceed on their (first) Amended

26 Complaint for Tax Refund ("FAC") to claim that they are entitled to a $189,225.64 refund since the

27 
28
_____

[1]     The Rahals claim that they instructed their tax preparer to file their tax return on October 15, 2006 as they intended to mail the tax payment on October 15, 2006.

1  amounts they received from Delta and initially reported as income on their original 2005 return were

2  ultimately disallowed by the IRS as not deductible by Delta.

3  **DISCUSSION**

4  **F.R.Civ.P. 12(b)(1) Motion To Dismiss Standards**

5  The Government contends that the Rahals' untimely filing of this action fails to invoke waiver

6  of the Government's sovereign immunity and in turn this Court's subject matter jurisdiction.

7  F.R.Civ.P. 12(b)(1) authorizes a motion to dismiss for lack of subject matter jurisdiction.

8  Fundamentally, federal courts are of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S.

9  375, 377, 114 S.Ct. 341 (1994). A "court of the United States may not grant relief absent a

10  constitutional or valid statutory grant of jurisdiction." *U.S. v. Bravo-Diaz*, 312 F.3d 995, 997 (9th Cir.

11  2002). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary

12  affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F. 2d 1221, 1225 (9th Cir. 1989).

13  Limits on federal jurisdiction must neither be disregarded nor evaded. *Owen Equipment & Erection Co.*

14  *v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396 (1978). "When subject matter jurisdiction is challenged

15  under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order

16  to survive the motion." *Tosco Corp. v. Communities for Better Environment*, 236 F.3d 495, 499 (9th Cir.

17  2001).

18  When addressing an attack on the existence of subject matter jurisdiction, a court "is not

19  restricted to the face of the pleadings." *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988). In such a

20  case, a court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to

21  jurisdiction. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.), *cert. denied*, 493 U.S. 993, 110 S.Ct.

22  541 (1989); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *Augustine v. United States*, 704

23  F.2d 1074, 1077 (9th Cir. 1983); *Smith v. Rossotte*, 250 F.Supp.2d 1266, 1268 (D. Or. 2003) (a court

24  "may consider evidence outside the pleadings to resolve factual disputes apart from the pleadings").

25  No presumptive truthfulness attaches to a plaintiff's allegations, and the existence of disputed

26  material facts does not preclude evaluation of the merits of jurisdictional claims. *Thornhill Pub. Co.,*

27  *Inc. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). On a factual attack of a

28  complaint with affidavits or other evidence, "the party opposing the motion must furnish affidavits or

1  other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v.*
2  *Glendale Union High School*, 343 F.3d 1036, 1040, n. 2 (9th Cir. 2003).

3      When a court considers "items outside the pleading" on a F.R.Civ.P. 12(b)(1) motion, the court
4  resolves "all disputes of fact in favor of the non-movant." *Dreier v. United States*, 106 F.3d 844, 847
5  (9th Cir. 1996). The Ninth Circuit Court of Appeals explains that "where the district court has properly
6  considered items outside the complaint in considering a motion to dismiss, the standard we apply upon
7  de novo review of the record is similar to the summary judgment standard that the district court
8  purported to apply." *Drier*, 106 F.3d at 847.

9      With these standards in mind, this Court turns to the Government's challenges to this Court's
10  subject matter jurisdiction.

11                              **Absence Of Immunity Waiver**

12      "The United States can be sued only to the extent that it has waived its sovereign immunity."
13  *Baker v. U.S.*, 817 F.2d 560, 562 (9th Cir. 1987), *cert. denied*, 487 U.S. 1204, 108 S.Ct. 2845 (1988).
14  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."
15  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996 (1994). "A party bringing a cause of action against
16  the federal government bears the burden of showing an unequivocal waiver of immunity. *Baker*, 817
17  F.2d at 562. "Thus, the United States may not be sued without its consent and the terms of such consent
18  define the court's jurisdiction." *Baker*, 817 F.2d at 562. A waiver of traditional sovereign immunity is
19  not implied but must be unequivocally expressed. *See U.S. v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948,
20  953-954 (1976).

21      "The question whether the United States has waived its sovereign immunity against suits for
22  damages is, in the first instance, a question of subject matter jurisdiction." *McCarthy*, 850 F.2d 558, 560
23  (1988). "It is incumbent upon the plaintiff properly to allege the jurisdictional facts . . ." *McNutt v.*
24  *General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 182, 56 S.Ct. 780 (1936). "Where a suit
25  has not been consented to by the United States, dismissal of the action is required." *Gilbert v.*
26  *DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).

27      The terms of the United States' "consent to be sued in any court define that court's jurisdiction
28  to entertain the suit." *U.S. v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767 (1941). Waivers of immunity

must be "construed strictly in favor of the sovereign," *McMahon v. United States*, 342 U.S. 25, 27, 72 S.Ct. 17, 19, 96 L.Ed. 268 (1951), and not "enlarge[d] . . . beyond what the language requires," *Eastern Transp. Co. v. United States*, 272 U.S. 675, 686, 47 S.Ct. 289, 291, 71 L.Ed. 472 (1927); *see Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997) ("Any waiver of immunity must be 'unequivocally expressed,' and any limitations and conditions upon the waiver 'must be strictly observed and exceptions thereto are not to be implied.")

The Government contends that the FAC lacks a valid waiver of sovereign immunity given the Rahals' failure to comply with the applicable limitations period.

## Section 6511's Limitations Period

Section 6511(a) provides either a two- or three-year limitations period to file a refund action: "Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later . . ." Section 6511(b)(1) further provides: "No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period."

"A timely claim is a jurisdictional prerequisite to an action for recovery of taxes paid." *Miller v. U.S.*, 38 F.3d 473, 474 (9th Cir. 1994). "Section 6511 has as its purpose foreclosing untimely claims." *Miller*, 38 F.3d at 475.

The record reveals that the Rahals filed their original 2005 tax return on October 12, 2006 and paid their 2005 tax liability on October 16, 2006. On October 15, 2009, the Rahals mailed an amended 2005 return to claim a $189,225.64 refund. The Government argues that section 6511(a) required the Rahals to file their refund claim prior to the later of October 12, 2009, three years from filing their original 2005 tax return, or October 16, 2008, two years from paying their 2005 tax liability. The Government contends that the Rahals' October 15, 2009 mailing of their amended return is three days too late to comply with section 6511(a) in that the later limitations period expired on October 12, 2009, three years from the filing of the original 2005 return. The Government characterizes the three-day delay, although brief, as fatal to the Rahals' refund claim and notes the Rahals' failure to plead an

1    "applicable exception to the timing requirements of Section 6511."

2          The Rahals fail to challenge expiration of the three-year limitations period.  The Rahals offer

3    nothing, under oath or otherwise, to substantiate that they instructed their tax preparer to delay to

4    October 15, 2006 to file their return.  The Government is correct that the Rahals' October 15, 2009

5    mailing of their amended return is three days too late and thus fatal to their refund claim.

6                      **F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards**

7          The Government further contends that it is entitled to F.R.Civ.P. 12(b)(6) dismissal in that IRS

8    mitigation provisions, 26 U.S.C. §§ 1311-1314, fail to support the Rahals' refund claim.

9          "When a federal court reviews the sufficiency of a complaint, before the reception of any

10   evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether

11   a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the

12   claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development

13   Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either

14   a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal

15   theory."  *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of

16   Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).  A F.R.Civ.P. 12(b)(6) motion "tests the legal sufficiency

17   of a claim."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

18         In addressing dismissal, a court must:  (1) construe the complaint in the light most favorable to

19   the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff

20   can prove any set of facts to support a claim that would merit relief.  *Cahill v. Liberty Mut. Ins. Co.,* 80

21   F.3d 336, 337-338 (9th Cir. 1996).  Nonetheless, a court is not required "to accept as true allegations that

22   are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead

23   Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).  A court "need not

24   assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v.

25   Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and must not "assume that the [plaintiff] can prove facts

26   that it has not alleged or that the defendants have violated . . . laws in ways that have not been alleged."

27   *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S.

28   519, 526, 103 S.Ct. 897 (1983).  A court need not permit an attempt to amend if "it is clear that the

1    complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*,

2    416 F.3d 940, 946 (9ᵗʰ Cir. 2005).

3         A plaintiff is obliged "to provide the 'grounds' of his 'entitlement to relief' [which] requires

4    more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

5    do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations

6    omitted).   Moreover, a court "will dismiss any claim that, even when construed in the light most

7    favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan*

8    *Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).  In practice, a complaint "must contain

9    either direct or inferential allegations respecting all the material elements necessary to sustain recovery

10   under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers,*

11   *Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7ᵗʰ Cir. 1984)).

12        In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937,1949 (2009), the U.S. Supreme Court

13   explained:

14           . . . a complaint must contain sufficient factual matter, accepted as true, to "state
         a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the
15       plaintiff pleads factual content that allows the court to draw the reasonable inference that
         the defendant is liable for the misconduct alleged. . . . The plausibility standard is not
16       akin to a "probability requirement," but it asks for more than a sheer possibility that a
         defendant has acted unlawfully.  (Citations omitted.)

17

18        After discussing *Iqbal*, the Ninth Circuit Court of Appeals summarized: "In sum, for a complaint

19   to survive [dismissal], the non-conclusory 'factual content,' and reasonable inferences from that content,

20   must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572

21   F.3d 962, 989 (9ᵗʰ Cir. 2009) (quoting *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949).

22        The U.S. Supreme Court applies a "two-prong approach" to address dismissal:

23           First, the tenet that a court must accept as true all of the allegations contained in
         a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a
24       cause of action, supported by mere conclusory statements, do not suffice. . . .  Second,
         only a complaint that states a plausible claim for relief survives a motion to dismiss. . .
25       . Determining whether a complaint states a plausible claim for relief will . . . be a
         context-specific task that requires the reviewing court to draw on its judicial experience
26       and common sense. . . . But where the well-pleaded facts do not permit the court to infer
         more than the mere possibility of misconduct, the complaint has alleged – but it has not
27       "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

28        In keeping with these principles a court considering a motion to dismiss can

choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949-1950.

With these standards in mind, this Court next turns to application of the mitigation provisions.

**Mitigation Provisions**

The Government challenges as unsupported by law or facts the FAC's attempt to invoke mitigation provisions under 26 U.S.C. §§ 1311-1314.

"In certain circumstances involving inconsistent tax treatment the mitigation provisions of the Internal Revenue Code, 26 U.S.C. §§ 1311–1314 . . . allow both the government and the taxpayer to correct an error made in a prior closed tax year and to obtain an adjustment to tax liability despite the running of the ordinary period of limitations." *O'Brien v. U.S.*, 766 F.2d 1038, 1041 (7th Cir. 1985). "The mitigation statutes were enacted to ameliorate the harsh effect of the statute of limitations in situations where because of the maintenance by a party of a position in one tax year that is inconsistent with the treatment of the same item in a barred year, a taxpayer is either subjected to a double tax or benefitted by a double deduction." *Cocchiara v. U.S.*, 779 F.2d 1108, 1111 (5th Cir. 1986).

The mitigation provisions serve to extend the limitations period up to "one year from the date a final determination is made." *Schwartz v. U.S.*, 67 F.3d 838, 839 (9th Cir. 1995). The mitigation provisions provide relief only in limited situations. *Schwartz v. U.S.*, 67 F.3d 838, 839 (9th Cir. 1995). "They 'represent an effort to meet in part the difficulties encountered in attempting to determine correctly the year in which such claims as depletion, depreciation and other expense deductions, as well as items of income should be reported.'" *O'Brien*, 766 F.2d at 1041 (quoting 2 J. Mertens, The Law of Federal Income Taxation § 14.01, p. 2 (rev. ed. 1984)). Nonetheless, the "mitigation provisions do not constitute a general equitable exception to the limitations period." *Schwartz*, 67 F.3d at 840.

"This court has narrowly construed the requirements of the mitigation provisions." *Kolom v. U.S.*, 791 F.2d 762, 765 (9th Cir. 1986). The party asserting mitigation has the burden of showing its applicability. *United States v. Rushlight*, 291 F.2d 508, 514 (9th Cir.1961) (construing predecessor statute, 26 U.S.C. § 3801, which "does not purport to relieve against all inequities occasioned by the

statute of limitations").

To invoke the mitigation provisions, a claimant must demonstrate that:

1.   There must have been a final "determination" as defined by 26 U.S.C. § 1313(a);

2.   The error complained of must fall within one of the specifically enumerated "circumstance[s] of adjustment" of 26 U.S.C. § 1312; and

3.   Such determination must be "inconsistent" with a determination made in another [read, prior] year. IRC § 1311(b).

*Qureshi v. United States I.R.S.*, 75 F.3d 494, 498 (9th Cir.1996) (as amended); *Kolom*, 791 F.2d at 765.

The Government argues that the FAC fails to satisfy the second and third requirements given the absence of allegations of an inconsistent IRS position and that disallowance of Delta's deductions, the determination, falls within specified circumstances.   The Government notes the Rahals' failure substantiate an unrelated taxpayer's deduction as double inclusion of gross income given that IRS denial of the deduction did not result in Delta's greater gross income but rather increased only Delta's taxable income.

**Specific Circumstances – Double Inclusion Of Income**

The FAC alleges that if the Rahals "are not allowed to reduce their 2005 compensation from Delta the result will be a double inclusion of gross income in 2005" by Delta and the Rahals.   The Government holds the Rahals to establish that IRS' alleged error falls under a specified circumstance of adjustment under 26 U.S.C. § 1312 ("section 1312").   The Rahals rely on section 1312(1), which authorizes an adjustment if the "determination requires the inclusion in gross income of an item which was erroneously included in the gross income of the taxpayer for another taxable year or in the gross income of a **related taxpayer**."  (Bold added.)

The Government argues that the FAC does not allege that the Rahals' 2005 compensation from Delta is erroneously included as gross income to them or a related taxpayer in another year.   The Government notes that the payments at issue were included in the Rahals' gross income in the year of their receipt and that deductions based on these payments were disallowed as to Delta, an unrelated taxpayer. 26 U.S.C. § 1313(c) ("section 1313(c)) defines a "related taxpayer" to include a relationship of husband and wife, grantor and fiduciary, grantor and beneficiary, fiduciary and beneficiary, legatee

9

or heir, descendent and descendent's estate, partner, or member of an affiliated group of corporations). The Government points to the absence of error in a determination subject to the specified circumstances of adjustment in section 1312.

The Rahals offer no meaningful opposition to the Government's arguments.  The Rahals fail to meet section 1312(1)'s related taxpayer requirement in that the Rahals and Delta lack a relationship specified in section 1313(c).  The Rahals are unable to allege that their 2005 compensation from Delta was erroneously included as gross income to them or a related taxpayer in another year.

### Inconsistent Position

The Government argues that the FAC fails to allege an inconsistent position arising from denial of a refund claim based on untimeliness.

The "mitigation provisions do not prevent the Commissioner [IRS] from pleading the statute of limitations because the Commissioner was not the party who maintained the inconsistent position." *Heineman v. U.S.*, 391 F.2d 648, 651 (Cl. Ct. 1968) (holding taxpayers' claims did not fall within mitigation provisions "because there has been no inconsistent position maintained" by the IRS).

The Government notes that the IRS did not actively maintain a position as to the Rahals' refund claim in that the IRS merely accepted the Rahals' original 2005 tax return and in 2009 denied the Rahals' refund claim as untimely.  The Government points to the absence of an audit of the Rahals' 2005 return and thus the absence of a position as to their 2005 tax liabilities.   The "requirement of section 1311(b)(1) is that the determination adopt a position inconsistent with the error and that this position must have been actively maintained by the party seeking to interpose the bar of the statute of limitations."  *Karpe v. U.S.*, 167 Ct.Cl. 280, 335 F.2d 454, 461 (Ct. Cl. 1964).  "A position is not 'actively maintained' simply by accepting a contention or position originated and actively asserted by an opposing party."  *Greenhoe v. U.S.*, 1993 WL 358597, at *2 (E.D. Cal. 1993) (citing *F.W. Boelter Co., Inc. v. United States*, 12 Cl.Ct. 120, 125 (Cl.Ct.1987).

The Government continues that IRS disallowance of Delta's deductions is not a determination as to a related taxpayer under section 1313(c) and thus "inapplicable" as to the Rahals. The Government challenges the Rahals' ability to prove an IRS "position inconsistent with a previous position maintained by the IRS vis-a-vis them."

1    The Rahals offer no meaningful opposition to support the inconsistent position requirement. This

2    Court construes such absence as the Rahals' concession that they fail to meet mitigation requirements.

3    The Rahals' failure to satisfy mitigation requirements further warrants dismissal of this action.

4                                    **Corporate Deduction**

5            The Government further contends that the Rahals may not claim a refund based on disallowance

6    of a corporate deduction.   The Government argues that an individual taxpayer may not exclude

7    previously reported income "simply because a corporation or other individual was deemed not entitled

8    to claim the corresponding deduction."

9            "'There is no necessary correlation between the payor's right to a deduction for a payment and

10   the taxability of the payment to the recipient.'" *Catalano v. Commissioner*, 1998 WL 892263, at *5

11   (quoting 1 Mertens, Law of Federal Taxation, sec. 5A.11, at 22 (1998 rev.)).  "This separate treatment

12   of a payment's deductibility and recognition as income obtains even where the payor and payee are a

13   corporation and its sole shareholder." *Catalano*, 1998 WL 892263, at *5.

14           Again, the Rahals offer no meaningful opposition to the Government's position.  The Rahals

15   merely note that "there was no accession of wealth by the Plaintiff and therefore no gross income."  The

16   Rahals are subject to tax on their income.  The Government is correct that the Rahals' arguments as to

17   merits are irrelevant in the absence of this Court's jurisdiction.

18                                 **CONCLUSION AND ORDER**

19           For the reasons discussed above, this Court:

20       1.      DISMISSES with prejudice this action; and

21       2.      DIRECTS the clerk to enter judgment in favor of defendant United States of America

22               and against plaintiffs Shangara Rahal and Joginder Rahal and to close this action.

23           IT IS SO ORDERED.

24   **Dated:   April 30, 2012** ___                    ___ **/s/ Lawrence J. O'Neill** ___
                                                     UNITED STATES DISTRICT JUDGE

25

26

27

28